**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLARENCE O. CRITES,
Petitioner,

v.

CONSOLIDATION COAL COMPANY;

No. 97-1968

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order of the
Benefits Review Board.
(95-1971-BLA)

Argued: March 6, 1998

Decided: September 17, 1999

Before WIDENER and WILKINS, Circuit Judges,
and MOON, United States District Judge
for the Western District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert F. Cohen, Jr., COHEN, ABATE & COHEN, L.C.,
Fairmont, West Virginia, for Petitioner. William Steele Mattingly,
JACKSON & KELLY, Morgantown, West Virginia, for Respondents.

**ON BRIEF:** Douglas A. Smoot, JACKSON & KELLY, Charleston, West Virginia, for Respondent Consolidation Coal.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Clarence O. Crites petitions for review of a decision of the Benefits Review Board (the Board) affirming a decision by an administrative law judge (ALJ) denying black lung benefits. See 30 U.S.C.A. §§ 901-945 (West 1986 & Supp. 1999). Finding no error, we affirm.

Crites applied for black lung benefits in 1989, after working as a coal miner for approximately 21 years. The ALJ denied benefits, reasoning that although Crites suffered a totally disabling respiratory impairment, the condition did not arise from Crites' coal mine employment. See Hobbs v. Clinchfield Coal Co. , 45 F.3d 819, 821 (4th Cir. 1995) (explaining that a claimant may prove entitlement to black lung benefits by establishing the existence of legal, as opposed to clinical, pneumoconiosis and that legal pneumoconiosis includes any "`chronic dust disease of the lung and its sequelae ... arising out of coal mine employment'" (quoting 20 C.F.R.§ 718.201 (1994))). Crites appealed to the Board. The Board vacated the ALJ's finding that Crites' impairment did not arise from coal mine employment, concluding that the ALJ had mischaracterized the opinions of some of the physicians. On remand, the ALJ again denied benefits, and the Board affirmed. Crites now petitions for review, maintaining that the decision of the ALJ is not supported by substantial evidence.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record, we conclude that the decision of the ALJ is supported by substantial evidence. Accordingly, we affirm.

AFFIRMED